UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLEMING INTERMEDIATE HOLDINGS LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JAMES RIVER GROUP HOLDINGS, LTD., FRANK D'ORAZIO, and SARAH DORAN,<br><br>　　　　　　Defendants. | Case No. 1:24-cv-05335-JGK |

**DECLARATION OF REED BRODSKY IN SUPPORT OF PLAINTIFF FLEMING INTERMEDIATE HOLDINGS LLC'S 'S EMERGENCY MOTION TO FILE A SUPPLEMENTAL COMPLAINT AND FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

I, REED BRODSKY, hereby declare as follows:

1. I am an attorney licensed to practice in the State of New York and admitted to practice before this Court. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Plaintiff Fleming Intermediate Holdings, LLC ("Fleming") in the above-captioned action. I have personal knowledge of the matters set forth herein.

2. Fleming submits to the Court its application, by an order to show cause, a motion to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d) and for a temporary restraining order and preliminary injunction pursuant to Federal Rule of Civil Procedure 65.

3. Attached hereto as **Exhibit A** is a true and correct copy of Fleming's Supplemental Complaint to be filed pursuant to Federal Rule of Civil Procedure 15(d).

4. Attached hereto as **Exhibit B** is a true and correct copy of a "redline" showing all differences between the proposed Supplemental Complaint, and the operative Complaint filed by Fleming with this Court on July 15, 2024.

5. As detailed in the Supplemental Complaint and the accompanying declaration of Eric Haller, pursuant to Section 1.4(c) of the Stock Purchase Agreement (the "SPA" or "Agreement"), Fleming reasonably requested certain information from James River Group Holdings, Ltd. ("James River") in a letter on July 18, 2024.

6. On July 23, 2024, James River categorically refused to provide any of the requested information.

7. Also on July 23, 2024, Fleming responded to James River's letter of that same date, again requesting that James River honor its obligations under SPA § 1.4(c) by providing the information requested in its July 18 Letter.

8. Each of the correspondence described above is included as an exhibit to the accompanying declaration of Eric Haller.

9. As of 9 a.m. on Monday, July 29, 2024, James River has yet to respond to Fleming's letter of July 23, 2024.

10. On the morning of Monday, July 29, 2024, my colleague Michael Nadler provided notice of Fleming's emergency motion to Susan Reagan Gittes of Debevoise & Plimpton LLP. Although Ms. Gittes has not yet appeared in this action, she is counsel of record to James River in a related proceeding and on July 17, 2024, she accepted service of Fleming's complaint and summons in this action on behalf of the Defendants.

11. No further notice should be granted to Defendants and emergency relief is needed to ensure that Fleming's rights are not irreparably harmed because, absent judicial relief, today will be the final day of the "Resolution Period" contemplated by SPA § 1.4(c).

12. No previous application has been made for the relief sought herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: New York, New York
July 29, 2024

    */s/ Reed Brodsky*
Reed Brodsky
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 351-4000
RBrodsky@gibsondunn.com

*Attorneys for Plaintiff Fleming Intermediate Holdings LLC*