**GIBSON DUNN**

Reed Brodsky
Partner
T: +1 212.351.5334
M: +1 917.574.8200
rbrodsky@gibsondunn.com

October 18, 2024

<u>VIA CM/ECF</u>

The Hon. Jennifer L. Rochon
United States District Court for the Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re:   *Fleming Intermediate Holdings LLC v. James River Group Holdings, Ltd.*,
        Case No. 24 Civ. 5335 (S.D.N.Y.) (JLR)

Dear Judge Rochon:

We write on behalf of Plaintiff Fleming Intermediate Holdings LLC ("Fleming") in connection with the above-captioned matter.

Defendant James River Group Holdings, Ltd. ("James River") has asserted that all information disclosed by James River to Fleming pursuant to the Court's recent preliminary injunction order, Dkt. No. 32, should be considered confidential and treated as such because it reflects James River's internal deliberations. Accordingly, Fleming has agreed to redact such information in the Amended Complaint that Fleming is filing today in order to provide James River an opportunity to explain the basis for its assertion. Fleming therefore respectfully requests leave to file a redacted copy of Fleming's Amended Complaint, Dkt. No. 38, and to file under seal an unredacted copy of the same, Dkt. No. 39, pursuant to Rule 4.B.iii.c. of Your Honor's *Individual Practice Rules*, Standing Order No. 19-MC-00583, *In Re: Electronic Filing Under Seal in Civil and Miscellaneous Cases* (S.D.N.Y. Dec. 19, 2019), and Section 6 of the ECF Rules & Instructions for the United States District Court for the Southern District of New York. Further, we understand that James River now "must file, within three days, a letter explaining the need to seal or redact" the Amended Complaint pursuant to Rule 4.B.iii.c. of Your Honor's *Individual Practice Rules*.

To be clear, Fleming does not believe that James River has any legitimate confidentiality interest in the information at issue, as Fleming has already explained to James River. Moreover, Fleming does not concede that any of its Amended Complaint should remain under seal as it is subject to "a strong presumption of public access . . . under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). "Complaints have historically been publicly accessible by default, even when they contain arguably sensitive information," as such access "allows the public to understand the activity of the federal courts, enhances the court's system of accountability and legitimacy, and informs the public of matters of public concern. Conversely, a sealed complaint leaves the public unaware that a claim has been leveled and that state power has been invoked—and public resources spent—in an effort to resolve the dispute." *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 141 (2d Cir.

## GIBSON DUNN

October 18, 2024
Page 2

2016). Here, public access will have "a significant positive role" because complaints are "highly relevant to the exercise of Article III judicial power" and "among the most likely [records] to affect judicial proceedings," as pleadings are "the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." *Id.* at 140–42.

In light of James River's contrary position, however, Fleming nevertheless moves to submit its unredacted Amended Complaint under seal in the first instance to afford James River as "the party seeking to prevent disclosure" an opportunity to "overcome" "the presumption of access," which requires "specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Lugosch*, 435 F.3d at 126.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

/s/ *Reed Brodsky*

Reed Brodsky

cc: All Counsel of Record (VIA CM/ECF)

The request to file a redacted copy of Plaintiff's Amended Complaint, Dkt. 38, and to file under seal an unredacted copy of the same, Dkt. 39, is GRANTED. Defendant shall file a letter explaining the need to seal or redact the Amended Complaint by October 23, 2024.

DATED: October 22, 2024
       New York, New York

SO ORDERED.

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**