UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FLEMING INTERMEDIATE HOLDINGS LLC.,

                Plaintiff

-against-

JAMES RIVER GROUP HOLDINGS LTD., et al.,

                Defendants.

1:24-cv-05335 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

    Defendants seek to file under seal portions of Plaintiff's Amended Complaint. *See* Dkts. 40, 44. For the following reasons, Defendants' requests are DENIED in part and GRANTED in part.

    On October 18, 2024, Plaintiff, at Defendants' request, sought to file a redacted copy of its Amended Complaint, Dkt. 38 ("Am. Compl."), and to file under seal an unredacted copy of the same, Dkt. 39. Dkt. 37. Plaintiff, however, opposed Defendants' request for redactions, stating that "Fleming does not believe that James River has any legitimate confidentiality interest in the information at issue." *Id.* at 1. Defendants, in turn, filed a response on October 21, 2024, representing that they are seeking redactions as to two categories of documents. Dkt. 40. First, Defendants seek "limited redactions regarding actuarial techniques employed by James River" in paragraphs 236 and 631 of the Amended Complaint,[1] and certain details regarding Ernst & Young's ("E&Y") prior reserve analyses of JRG Reinsurance Company Ltd. ("JRG Re") in

---

[1] Defendants clarified in their reply letter dated October 23, 2024, that they intended to maintain the redactions to paragraphs 236 and 631 of Fleming's Amended Complaint, Dkt. 39, despite having indicated in Footnote 1 of their October 21, 2024, letter, Dkt. 40, that they did not seek to maintain those redactions. Dkt. 44.

paragraphs 249, 262, 287 n.20, and 442 of the Amended Complaint.  *Id.* at 1.  Second, Defendants request the redaction of "limited details regarding reserves of business lines other than [JRG Re] that remain part of James River" in paragraphs 243, 244, and 247 of the Amended Complaint.  *Id.*  Defendants argue that the first category of information involves "sensitive commercial information," including "details of actuarial techniques employed in setting JRG Re's reserves," and "confidential analyses performed by James River's auditor."  *Id.* at 1-2.  Defendants argue that the second category of redactions is warranted because the information therein "pertains to other subsidiaries which remain part of James River" and that are not relevant to this litigation.  *Id.* at 2.  On October 22, 2024, the Court ordered the Court of Clerk to temporarily seal the Amended Complaint at Dkt. 38, pending a final determination on Defendants' letter motion to seal.  Dkt. 43.

In a reply dated October 23, 2024, Plaintiff indicated that it objected to the redaction of information pertaining to actuarial techniques and prior reserve analyses performed by E&Y, because that information "relates solely to JRG Re, which is now Fleming's wholly owned subsidiary."  Dkt. 42.  Plaintiff maintained that "only Fleming now has a cognizable interest in the confidentiality of information relating to JRG Re."  *Id*.  With respect to the second category of information at paragraphs 243, 244, and 247 of the Amended Complaint, Plaintiff indicated that it did not object to redacting that information should the Court determine that the presumption in favor of public access had been overcome.  *Id.*

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action . . . ."  *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).  A court must evaluate a request to seal under both a "common law right of public access to judicial documents," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119

(2d Cir. 2006), and the press and public's "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents," *id.* at 120  (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)).  "If a sealing request cannot survive the common law test, it will not survive scrutiny under the First Amendment test."  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, Nos. 14-MD-02542 (VSB), 14-MC-02542 (VSB), 2023 WL 196134, at *1 (S.D.N.Y. Jan. 17, 2023).

There are three steps for evaluating the common law right of access: first, determine whether the information to be sealed is a "judicial document" to which the presumption of public access applies, *Lugosch*, 435 F.3d at 119; second, determine the "weight of that presumption," *id.*; and third, "after determining the weight of the presumption of access, . . . 'balance competing considerations against it,'" *id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).  With respect to the third step, competing considerations may include the "need to protect sensitive commercial information from disclosure to competitors seeking an advantage," *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *3 (quoting *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, Nos. 14-MD-02542 (VSB), 14-MC-02542 (VSB), 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014)), and "the privacy interests of innocent third parties," *id.* at *4 (quoting *In re Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990)).  However, these considerations "must be concretely and specifically described."  *Id*.  "The party opposing disclosure [of a judicial document] must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test."  *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, No. 17-cv-07417 (VM) (HBP), 2017 WL 5125544, at *3 (S.D.N.Y. Nov. 2, 2017)

(alteration in original) (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)).

With respect to steps one and two, the Amended Complaint is a judicial document ordinarily entitled to a "strong presumption" of public access. *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 142 (2d Cir. 2016). As the Second Circuit has acknowledged, "[o]f all the records that may come before a judge, a complaint is among the most likely to affect judicial proceedings." *Id.* Plaintiff's Amended Complaint is now the operative complaint in this case. The dispositive inquiry, then, is whether there are "countervailing factors" that outweigh this strong presumption of access. *Lugosch*, 435 F.3d at 120.

The Court first considers the category of proposed redactions pertaining to JRG Re's commercial information, namely, actuarial techniques performed on JRG Re's reserves by James River and E&Y's prior reserve analyses of JRG Re. With respect to the actuarial techniques performed by James River to calculate JRG Re's reserves pre-acquisition, Am. Compl. ¶¶ 236, 631, the Court agrees with Plaintiffs that James River no longer has any confidentiality interest in that information. JRG Re is now Plaintiff's wholly owned subsidiary. Defendants therefore have not "demonstrat[ed]. . . a valid need to protect the confidentiality of proprietary business information" pertaining to JRG Re. *SEC v. Telegram Grp. Inc.*, No. 19-cv-09439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Tellingly, James River does not object to the disclosure of the actuarial methods used in its reserve estimation process *generally*, as reflected by the fact that Defendants do not seek a redaction of Footnote 16 to the Amended Complaint (presumably because that information is public). Am. Compl. ¶ 236 n.16 (listing the "five primary actuarial methods" used in James River's reserve estimation process, as disclosed on James River's 2023 Form 10-K). Defendants' only objection is to the disclosure of specific

actuarial methods deployed in connection with JRG Re. That, however, bears directly upon Plaintiff's allegations of wrongdoing, and Defendants have not shown how, if that information were to be disclosed, it "could . . . harm [Defendants] or advantage [their] competitors." *Kewazinga Corp. v. Microsoft Corp.*, No. 18-cv-04500 (GHW), 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (sealing Microsoft's confidential and proprietary business information given that "if that information were to be disclosed, it could indeed harm Microsoft or advantage its competitors"); *cf. News Corp. v. CB Neptune Holdings, LLC*, No. 21-cv-04610 (VSB), 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) (ordering redactions because the "competitive disadvantages that would flow to Neptune if such information were disclosed outweighs the general public interest in disclosure").

For the same reasons, the Court finds that Defendants have not sufficiently articulated a privacy interest in E&Y's pre-acquisition analyses of JRG Re's reserves. Namely, as James River no longer owns JRG Re, it has not demonstrated how disclosure of financial information pertaining to JRG Re's reserves would harm it. *Cf. Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 512 (S.D.N.Y. 2015) (finding proposed redactions appropriate where limited to "specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's *current business practices* that a competitor would seek to exploit'" (emphasis added)).

However, the Court deems Defendants' requested redactions of information pertaining to the reserves for "lines of business still part of James River" appropriate. This information does not concern JRG Re and could cause significant risk of competitive disadvantage to James River if disclosed. Moreover, at least at this time, it is "not relevant to the Court's resolution of the present motion and the 'privacy interests of innocent third parties' sufficiently outweigh any

5

presumption of access afforded to these filings." *UMB Bank, N.A. v. Bristol-Myers Squibb Co.*, 21-cv-04897 (JMF), 2024 WL 4355029, at *12 (S.D.N.Y. Sept. 30, 2024) (citing *City of Providence v. BATS Glob. Mkts., Inc.*, No. 14-cv-02811 (JMF), 2022 WL 539438, at *2 (S.D.N.Y. Feb. 23, 2022); *SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, No. 14-cv-02270 (JMF), 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014)); *see also SOHC*, 2014 WL 5643683, at *5 (upholding redactions "limited to specific 'financial figures . . . ,' which are not relevant to the parties' legal dispute and implicate legitimate privacy interests"). Indeed, the Second Circuit has held that "[f]inancial records of a wholly owned business . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Amodeo*, 71 F.3d at 1051.

Accordingly, Defendants' requests for redactions of certain information in Plaintiff's Amended Complaint are GRANTED in part and DENIED in part. The requested redactions to paragraphs 243, 244, and 247 shall be implemented. The Amended Complaint shall otherwise be filed without redactions. Because Defendants' requested redactions have changed since Plaintiff filed their Amended Complaint on October 18, 2024, Dkt. 38, Plaintiff is ordered to file a redacted Amended Complaint consistent with this Order, incorporating the requested redactions to paragraphs 243, 244, and 247.

Dated: November 6, 2024
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge